**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: Michael S. Goldberg, L.L.C | Chapter: 7 |
| Debtor(s) | Case No.: 09–23370 |
| | Adversary No. 11–02013 |

PRETRIAL ORDER DUE DATE: March 7, 2011
TRIAL DATE: August 30, 2011 at 10:00 am

James Berman
Plaintiff(s)
 v.
Stuart J. Cohen
Defendant(s)

**PRETRIAL ORDER**

APPEARANCES:

Jeffrey Hellman,                                                                      Attorney for Plaintiff

Stuart J. Cohen,                                                                       Attorney for Defendant

---

**1. PROCEDURE**
    It is determined, pursuant to 28 U.S.C.§§157(b)(3), that the above captioned adversary proceeding is a [check one]:
_____core proceeding, see 28 U.S.C. §§157(b)(2), 11 U.S.C.§§_____

_____proceeding related to a case under title 11 as to which the parties have consented to the entry of appropriate orders and judgments by a bankruptcy judge, see 28 U.S.C. §§157(c)(2).

**2. PLEADINGS**
        a) Answer or Response Date: _____
        b) Other: Date:_____

**3. DISCOVERY**
     a) Unless otherwise ordered, all discovery shall be completed and closed by the _____ – day of _____ which date shall be no later than 90 days from the pleadings scheduled in paragraph 2 are closed ("Discovery Bar Date").

**4. TRIAL MEMORANDA**
       Unless ordered by the court, no pretrial or post trial memoranda shall be filed. All memoranda that are ordered by the court shall be no longer than ten pages (double spaced on 8–1/2 x 11" paper with 12 pt. font) and shall be exchanged, filed and a copy delivered to chambers no later than the date ordered. A certificate of service shall  be filed with each memorandum.

**5. WITNESSES AND EXHIBITS**
         A list of witnesses with a short statement of the testimony of each and a list of exhibits shall be exchanged, filed, and delivered to chambers no later than 5 days after the Discovery Bar Date. A copy of each exhibit, corresponding to the appropriate exhibit   list, shall be exchanged but not filed or delivered to chambers. In complying with this   paragraph, plaintiff's exhibits shall be marked alphabetically, and defendant's exhibits shall be marked numerically. A party may not call a witness who is not on that parties list of witnesses. No exhibits shall be admitted into evidence unless there has been compliance with this paragraph. No expert witness may testify unless a detailed, signed statement of that expert's opinion has been exchanged, filed and delivered to chambers no later than 5 days after the Discovery Bar Date, the filing of lists of witnesses and exhibits and experts' reports in compliance with this paragraph shall be accompanied by a certification of service.

**6. TRIAL CONFIRMATION**

The plaintiff shall ascertain whether it is likely that the trial will proceed as scheduled and shall report that information to the judges chambers the Wednesday before the Trial Date.

**7. SETTLEMENT CONFERENCE**

If appropriate, the court shall conduct a pretrial conference at which an attempt will be made to settle the controversy or narrow the issues. Counsel shall attend fully authorized to make a final demand or offer and shall either be accompanied by the person or persons authorized and competent to accept or reject a settlement proposal or such persons shall be available by telephone.

**8. BENCH COPIES OF EXHIBITS**

At the commencement of the trial, each party shall deliver to the court <u>two</u> copies of each exhibit exchanged pursuant to paragraph 5.

**9. SANCTIONS**

Failure to comply with any provision of this Order may result in the dismissal of the adversary proceeding, the entry of default, or the imposition of sanctions or other appropriate relief.

CONSENT
For the Plaintiff

_____                              Dated:_____


For the Defendant

_____                              Dated:_____



Dated:

_____
Albert S. Dabrowski
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

# GUIDELINES FOR ADVERSARY PROCEEDINGS, PRETRIAL ORDERS, AND TRIALS

**1. SUMMONS AND NOTICE OF TRIAL.** Upon receipt of a complaint commencing an adversary proceeding, the clerk's office will prepare a Summons and Notice of Trial. A trial date no later than 18 weeks after the complaint is filed ("TRIAL DATE") will be stated on the Summons and Notice of Trial and on a Pretrial Order form sent by the clerk's office to the plaintiff with these Guidelines.

**2. SERVICE, CERTIFICATION.** The plaintiff shall serve a copy of the Summons and Notice of Trial, these Guidelines, and the Pretrial Order form on all defendants and certify such service.

**3. DUE DATE OF PRETRIAL ORDER.** A Due Date is stated on the Pretrial Order form. If the Pretrial Order is not filed by the Due Date and a timely filed motion for an extension is not filed, a hearing will be scheduled on the court's motion to dismiss the adversary proceeding.

**4. PRETRIAL ORDER.**
(a) No version of Pretrial Order other than the <u>current</u> form supplied by the clerk's office may be filed. All paragraphs shall be completed. Applicable statutory sections, i.3., §§523(a)(2)(A), shall be stated in paragraph 1. All dates be computed in accordance with Rule 9006 F.R. Bankr. P.
(b) The plaintiff shall communicate with the defendant and attempt to agree on the completion of the Pretrial Order. In the event that such an agreement is not reached, the plaintiff shall file and serve a copy of a proposed Pretrial Order by the Due Date. The plaintiff shall certify such service. If an objection to the proposed Pretrial Order is not filed within five business days, it may enter without further notice.

**5. AMENDED PRETRIAL ORDER.** A motion for permission to file a first amended Pretrial Order, with the consent of all parties endorsed thereon, may be granted without a hearing. All subsequent motions to amend will be scheduled for a hearing.

**6. TRIAL.** An appropriate number of adversary proceedings will be scheduled for trial on designated Mondays.
(a) The plaintiff shall ascertain whether it is likely that the trial will proceed on the TRIAL DATE and shall report that information to the judge's chambers on the Wednesday before that date. Non−compliance with this paragraph will cause the adversary proceeding to be removed from the trial list and may result in its dimissal and/or such other sanction as the court deems appropriate.
(b) The courtroom deputy will call the trial list, as adjusted by subparagraph (a), each Monday at 10:00 a.m. Adversary proceedings that are not ready for trial will be removed from the trial list, unless otherwise ordered by the court, and the court will take such other action as it deems appropriate, e.g. the entry of a dismissal or default and the imposition of sanctions.
(c) If appropriate, a pretrial conference will be conducted on the scheduled trail date in an attempt to settle or narrow the issues. Thereafter, the first ready adversary proceeding on the calendar will proceed to trial. All other adversary proceedings will be held or excused on a standby basis.
(d) Trials will be on Monday and may be continued to a future date if more time is required subject to court availability.

**THE LISTING OF AN ADVERSAY PROCEEDING ON A MONDAY TRIAL LIST IS NOT AN ASSURANCE THAT IT WILL BE REACHED FOR TRIAL AS SCHEDULED. THE PARTIES ARE REQUIRED TO ATTEND THE CALENDAR CALL ON THE SCHEDULED TRIAL DATE AND ARE ENCOURAGED TO CHECK THE TRIAL LIST POSTED BY THE CLERK'S OFFICE AND COMMUNICATE WITH EACH OTHER PRIOR TO THAT DATE, SO THAT THEY AND THEIR WITNESSES WILL NOT BE INCONVENIENCED BY ANY DELAY BEFORE THEIR MATTER IS REACHED FOR TRIAL.**