UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL S. GOLDBERG, LLC<br>MICHAEL S. GOLDBERG<br><br>Debtors. | ) Chapter 7<br>)<br>) Case No. 09-23370 (ASD)<br>)       09-23371 (ASD)<br>)<br>) Jointly Administered Under<br>) Case No. 09-23370<br>) |
| JAMES BERMAN, CHAPTER 7 TRUSTEE FOR THE ESTATES OF MICHAEL S. GOLDBERG, LLC, and MICHAEL S. GOLDBERG<br><br>      Plaintiff,<br>v.<br><br>STUART J. COHEN, et al.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Adv. Pro. No. 11-02013<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between JAMES BERMAN, TRUSTEE (the "Trustee) OF THE ESTATES OF MICHAEL S. GOLDBERG and MICHAEL S. GOLDBERG, LLC (collectively the "Debtors") and MATTHEW GREER ("Mr. Greer") as of the Effective Date shown below, and is subject to the approval of the United States Bankruptcy Court pursuant to the Motion to Approve Settlement Agreement Regarding Preference and Fraudulent Conveyance Claims Against Matthew Greer (the "Compromise Motion").[1]

---

[1] Capitalized terms used herein and not defined herein shall have the meanings set forth in the Complaint initiating the claims that are being settled … and are hereby incorporated by reference.

Based on the allegations in and Compromise Motion and those contained in the Complaint, the Trustee and Mr. Greer have entered into this Settlement Agreement and state and agree as follows:

**WHEREAS**, on November 18, 2009 (the "Petition Date"), certain petitioning creditors filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against each of the Debtors;

**WHEREAS**, on November 24, 2009, the Court entered the Order for Relief in the Debtors' cases (the "Bankruptcy Cases");

**WHEREAS**, by Orders dated January 11, 2010, the Court confirmed the election of James Berman as the Trustee;

**WHEREAS**, Mr. Greer invested $72,000.00 in the Goldberg Scheme and received $82,800.00 from the Goldberg Scheme as set forth on Exhibit A;

**WHEREAS**, Mr. Greer's returns on his investment were to be 7.5% per quarter or an annual return of more than 30% per annum;

**WHEREAS**, Mr. Greer received all of his original investment plus $10,800.00 in false "profits" (the "False Profits");

**WHEREAS**, there are no real profits in the Goldberg Scheme because the funds received from investors were never used for investment purposes by Goldberg and were used almost exclusively to pay off other investors as Mr. Goldberg has admitted to the Trustee and to the Federal Authorities in his Plea Agreement of which this Court is familiar;

**WHEREAS**, Mr. Greer has represented to the Trustee that he had no actual knowledge that the Goldberg Scheme was a Ponzi scheme until after the last payment was made to him;

2

**WHEREAS**, Mr. Greer has represented to the Trustee that he received no compensation from Goldberg, AUG, AUG II or any other investors in connection with the Goldberg Scheme, other than the amounts set forth on Exhibit A and that he has never received any payment or commission in return for persuading any other investor to invest in the Goldberg Scheme;

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth herein, and based upon the accuracy and truth of the representations made by Mr. Greer to the Trustee, and with the intent to be legally bound, it is agreed between Mr. Greer and the Trustee as follows:

1. **Payment Terms**

Mr. Greer shall return $61,200.00 of the $82,800.00 he received from the Goldberg Scheme (the "Returned Funds"). The Returned Funds shall be in the form of a bank or certified check payable to James Berman, Trustee of the Estate of Michael S. Goldberg, LLC. Payment of the Returned Funds shall be made within fourteen days of the Court's approval of this Settlement Agreement.

2. **Basis For Payment Of Returned Funds And Other Consideration**

This Settlement consists of payment of the Returned Funds, comprised of a payment of all of Mr. Greer's False Profits plus payment to the Estates of 70% of Mr. Greer's original investment in the Goldberg Scheme; a waiver by Mr. Greer of any resulting or other claims against these Estates; and an assignment of any claims Mr. Greer possesses in any way connected to the Goldberg Scheme against any entity as more fully set forth below.

3. **Mr. Greer's Representations**

This Settlement is being entered into based upon Mr. Greer's express representations that: (1) he was never aware nor did he have any suspicion that the Goldberg Scheme was a

3

Ponzi scheme until after he was paid all of the funds he received from the Goldberg Scheme; (2) he never received any payment or commission in return for persuading any other investor to invest in the Goldberg Scheme; (3) he received no compensation, directly or indirectly, from the Goldberg Scheme, except as set forth on Exhibit A; and (4) he did not request nor was he expecting the return of his investment in the Goldberg Scheme prior to receiving it from Attorney Santangelo in August and September of 2009.

4.   **Trustee's Release of Mr. Greer**

In consideration of and upon payment of the Returned Funds and the other consideration stated herein including Mr. Greer's representations, the Trustee hereby expressly releases any and all claims that he may have against Mr. Greer, and his successors, heirs, devisees and assigns ("Releasees") relating to his investment in the Goldberg Scheme, including any and all actions, causes of action, rights, claims, costs, liabilities, damages, losses, expenses, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, expenses, executions, compensation, or demands whatsoever against said Releasees that the Trustee ever had, now has or which he shall or may have in the future in connection with the transactions set forth on Exhibit A.

5.   **Waiver of Claim**

Mr. Greer hereby waives any right that he may have to assert a claim of any sort against the Trustee, the Debtors and/or the Debtors' estates.

6.   **Court Approval**

The parties agree that this Settlement Agreement and the releases herein, being full and final, except for a breach of Mr. Greer's obligations or representations, is subject to approval of

the United States Bankruptcy Court and the Trustee shall promptly submit this Settlement Agreement for such approval pursuant to a Motion to Compromise the Trustee's claims against Mr. Greer under Rule 9019 of the Federal Rules of Bankruptcy Procedure. In the event the Court does not approve this Settlement Agreement, this Agreement and all provisions herein shall be null and void.

7. **Other Provisions**

   A. **Governing Law**. The validity, effect and construction of this Settlement Agreement and any obligations undertaken pursuant hereto, and any dispute relating or arising from the negotiation and execution of this Settlement Agreement, shall be governed by the laws of the State of Connecticut, without regard to the conflicts of laws provisions. The Trustee and Mr. Greer consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of Connecticut to adjudicate any dispute arising under or related to this Agreement.

   B. **Breach**. The parties understand, acknowledge and agree that this Settlement Agreement may be used as evidence in any subsequent action or proceeding in which either party alleges a breach of this Settlement Agreement or asserts any claims inconsistent with its terms. In the event a party breaches this Settlement Agreement, the party successful in enforcing this Settlement Agreement shall be entitled to all costs of collection including, but not limited to, reasonable attorney's fees.

   C. **Attorney's Fees, Costs and Expenses**. The parties shall each bear all of their own attorney's fees, costs and expenses incurred in the negotiation and execution of this Agreement.

   D. **Consultation with Counsel**. Mr. Greer acknowledges that he has consulted with counsel, attorney Evelyn Langlieb Greer, in connection with this Settlement Agreement. Mr.

Greer hereby acknowledges that he has not received or relied upon any advice, legal or otherwise, of the Trustee or his counsel in entering into this Settlement Agreement.

E.  **Counterparts**.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original.

F.  **Titles**.  The titles of the paragraphs of this Settlement Agreement are inserted for convenience only and shall not affect the meaning or construction of any of the terms of this Agreement.

G.  **Entire Settlement Agreement and Amendment**.  The parties understand, acknowledge and agree that this Settlement Agreement contains and constitutes the entire Agreement and understanding among the parties, that no other representation, promise or covenant of any kind has been made to induce or cause any of the parties to execute the Settlement Agreement, and that all the understandings and agreements of the parties are embodied and expressed herein.  The parties also agree that this Settlement Agreement may not be amended, except in a writing signed by each and every one of the parties to this Settlement Agreement.

H.  **Effective Date**.  This Settlement Agreement shall not be effective until the "Effective Date", which shall be the date on which this Settlement Agreement is approved by the Court pursuant to a final order.  This Settlement Agreement and the compromise reflected herein, once effective, shall remain effective, enforceable and binding on all parties notwithstanding the dismissal or conversion of the Bankruptcy Case to another Chapter of Title 11.

I.  **Waiver**.  The failure of any party to insist upon strict adherence to any term of this Settlement Agreement on any occasion shall not be considered a waiver thereof or deprive

that party of the right thereafter to insist upon strict adherence to that term of any other term of this Agreement.

**J.**     **No Admission**.  This Settlement Agreement is not an admission of liability by any of the parties and shall not be construed as such in any subsequent proceeding.

**8.**   **Assignment of Claims**

As further consideration for this Agreement with the Trustee and notwithstanding any provision herein to the contrary, Mr. Greer hereby irrevocably assigns to the Trustee any and all "claims" as such term is defined in the Bankruptcy Code of any kind whatsoever that he may have concerning or in connection with the Goldberg Scheme against any "entity" (as such term is defined in the Bankruptcy Code), other than those against the Trustee for breach of this Agreement, including but not limited to all causes of action Mr. Greer possesses against third parties for any loss, expense or damage suffered by Mr. Greer in connection with the Goldberg Scheme.  Mr. Greer agrees that, if necessary, he will cooperate in the prosecution of such claims, including executing a separate assignment as and when necessary.  This assignment is conditioned only upon the approval of this Settlement Agreement by the Bankruptcy Court.

**IN WITNESS WHEREOF**, the parties hereto, intending to be legally bound, have duly executed this Settlement Agreement in multiple originals as of the last date shown below.

DATE: March 31, 2011        JAMES BERMAN, TRUSTEE OF THE ESTATES
                             OF MICHAEL S. GOLDBERG AND
                             MICHAEL S. GOLDBERG, LLC

                             _____, Trustee

DATE: March 29, 2011         _____
                             Matthew Greer

## EXHIBIT A

Matthew Greer

| | |
|---|---|
| 05/06/2009 | $ 5,400.00 |
| 08/28/2009 | $ 5,400.00 |
| 09/10/2009 | $72,000.00 |
| | $82,800.00 |