UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

In re:

MICHAEL S. GOLDBERG, LLC,           Case No. 10-23370 (ASD)
MICHAEL S. GOLDBERG,              Case No. 10-23371 (ASD)
                                     (Jointly administered under 10-23370)

               Debtors.          Chapter 7

_____/

JAMES S. BERMAN, Trustee,

               Plaintiff,        Adv. Proc. No. 11-02013

v.

AUG LLC, *et al.*,

               Defendants.

_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO (1) PLAINTIFF'S MOTIONS FOR PRE-JUDGMENT REMEDY AND (2) PLAINTIFF'S MOTIONS FOR PRE-JUDGMENT DISCLOSURE OF PROPERTY AND ASSETS

The defendants, AUG LLC, AUG II LLC, AUG PARTNERS LLC, ROBERT STEIN, and ELAINE STEIN, respond in opposition to the plaintiff's *Motion for Pre-Judgment Remedy* and the plaintiff's *Motions for Pre-Judgment Disclosure of Property and Assets* (collectively *"Request for Pre-Judgment Remedies"*) and would show the Court as follows:

The Trustee commenced this adversary based upon what has become widely known as "claw back" claims, consisting in this case of both avoidance claims pursuant to chapter 5 of the Bankruptcy Code as well as claims pursuant to Florida state law on behalf of the debtor estate. The Trustee seeks recovery not only for "false profits" but

also to recover the principal amounts which were repaid to the numerous defendants sued in this adversary proceeding. Likewise, the Trustee asserts that he can demonstrate probable cause to justify the imposition of a pre-judgment remedy pursuant to Connecticut state law as made applicable in this Court pursuant to Fed. R. Civ. P. 64.

Defendants Robert Stein and Elaine Stein do not dispute that the Trustee can meet and exceed a demonstration that they are liable to the Trustee for "false profits". In that regard, they intend to tender or otherwise unequivocally turnover the amount of such profits to the Trustee.[1] Accordingly, the only dispute remaining in this matter is whether the Trustee is entitled to recover amounts paid on account of which defendants' invested their own money in AUG, LLC and AUG II, LLC and which funds were then invested with Goldberg – in other words, the repayments of principal.

The responding defendants herein contend that 1) a pre-judgment remedy pursuant to Connecticut law is not available where a defendant and its property are located outside of the state of Connecticut and are not be subject to jurisdiction pursuant to Connecticut's long arm statute; 2) Plaintiff must demonstrate its entitlement to a pre-judgment injunction to obtain the relief sought; and 3) the Plaintiff cannot meet either the standards for an injunction OR probable cause on account of the claims to recover principal.

I.   **Connecticut's pre-judgment remedy statute is not available with respect to these out of state defendants and their out of state property.**

Among other factors, the instant defendants are not Connecticut residents, they do not own real or personal property in Connecticut, and they do not conduct business

---

[1]    The Defendants herein do not consent to the imposition of a pre-judgment remedy; however, Robert Stein and Elaine Stein intend to seek leave to amend their answer and defenses which will leave only the Trustee's claims for recovery of principal in dispute.

2

activity in Connecticut... In other words, they do not fall within the jurisdictional reach of the Connecticut long arm statute or applicability of substantive remedies pursuant to Connecticut law.    Notwithstanding this, the trustee invokes the jurisdiction of a Connecticut court, seeking to sequester the assets of these defendants "wherever located."

The Trustee seeks this relief pursuant to Rule 64 of the Federal Rules of Civil Procedure. That rule provides:

> (a)    Remedies Under state Law—In General. At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.  But a federal statute governs to the extent it applies.
>
> (b)    Specific Kinds of remedies.  the remedies available under this rule include the following—however designated and regardless of whether state procedures requires an independent action: arrest; attachment; garnishment; replevin; sequestration; and other corresponding or equivalent remedies.

Fed. R. Civ. P. 64; Fed. R. Bankr. P. 7064.

Boiled down to its simplest terms, Rule 64 permits a federal court to utilize the pre-judgment remedies which are available to the state courts of the state in which the court is located.  As is the case with respect to post-judgment executions,[2] the Federal Rules of Civil Procedure incorporate but do not expand the scope of state law with respect to attachment and execution of property.[3]

---

[2]    Fed. R. Civ. P. 69.

[3]    Notably, even when a final judgment is entered by a federal court, 28 U.S.C. §1963 provides a procedure by which it may be registered in another district so that it may be enforced in the district court in which it is registered, and, pursuant to Rule 69, in accord with the laws of the state in which registration court sits.

Pursuant to Rule 64, Plaintiff seeks to utilize Connecticut's current pre-judgment remedies statute ("the PJR statute"), Conn. Gen. Stat. §52-278 et. seq. which requires a showing of *probable cause* to obtain relief.

> Probable cause for these purposes has been defined by the Connecticut courts as a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Thus, the plaintiff does not have to prove its case by a preponderance of the evidence, but must show that there is probable cause to sustain the validity of the claim.

*Walpole Woodworkers, Inc. v. Atlas Fencing, Inc.,* 218 F. Supp. 2d 247, 249 (D. Conn. 2002); *TES Franchising. LLC v. Feldman,* 286 Conn. 132, 137, 943 A. 2d 406 (Conn. 2008); *Cendant Corp. v. Shelton,* Case No 3-06-CV-854JC, 2007 WL 1245310 at *3 (D. Conn. Apr. 30, 2007).

Connecticut's pre-judgment remedy is available upon a *lesser showing* than the injunction standard[4] ordinarily required for a judicial restriction of persons or property prior to the entry of a final judgment.[5]

---

[4]   The party seeking an injunction, as governed by Rule 65 rather than Rule 64, must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Shapiro v. Cadman Towers, Inc.,* 51 F. 3d 328 (2d Cir. 1995).

[5]   The United States Supreme Court has strongly discouraged the use of injunctions, even upon such a showing, to tie up a defendant's property *pendente lite. See Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.,* 119 S. Ct. 1961 (1999). *See also DeBeers Consolidated Mines, Ltd. v. United States,* 325 U.S. 212, 65 S. Ct. 1130, 89 L. Ed. 1566 (1945) (a court cannot enjoin the disposition of assets generally to assure the defendant's ability to pay a fine); *ITT Community Development Corp. v. Barton,* 569 F. 2d 1351 (5th Cir. 1978) (court cannot enjoin the disposition of assets simply to secure an eventual money judgment); *Rosen v. Cascade International, Inc.,* 21 F. 3d 1520 (11th Cir. 1994) (use of injunctive relief as substitute for prejudgment attachment is improper). *Compare Deckert v. Independence Shares Corp.,* 311 U.S. 282, 61 S. Ct. 229, 85 L. Ed. 189 (1940) (affirming the granting of an injunction in connection with an equitable action to rescind for securities fraud and to recover the investors' funds).

To date the constitutionality of the statute, as amended,[6] has been upheld;[7] however, the case law does not address or authorize the extraterritorial reach of the Connecticut PJR Statute.

While a defendant may be hailed into a bankruptcy court nationwide, this transnational summons power[8] does not subject a defendant to the substantive law of the forum state if it would otherwise be inapplicable, including with respect to pre-judgment remedies.

Bankruptcy Judge Howard Schwartzberg in *In re Curtina International*, 15 B.R. 993 (Bankr. S.D.N.Y. 1981) considered New York's pre-judgment remedies statute and held that the bankruptcy court "is not empowered to issue a writ of attachment with extraterritorial efficacy so as to reach property of the defendants beyond the borders of the forum state." *Id.* at 997-98.

This principle is not limited to bankruptcy courts. Pre-judgment remedies may not be extended to a defendant's out-of-state property by a district court. *Paul H. Aschkar & Co. v. Curtis,* 327 F. 2d 306, 309 (9th Cir. 1963) (holding that a California district court had no jurisdiction to reach by attachment assets of defendant in New York, notwithstanding provision of Securities Exchange Act authorizing nationwide service of

---

[6]     *Connecticut v. Doehr,* 501 U.S. 1, 111 S. Ct. 2105, 115 L. Ed. 2d 1  (1991)(holding prior version of the PJR Statute unconstitutional to the extent that it permitted *ex parte* attachment absent a showing of exigent circumstances or the posting of a plaintiff's bond.)

[7]     *See, e.g., Fermont Division, Dynamics Corp. of America v. Smith,* 178 Conn. 393, 423 A. 2d 80 (1979), *Sassone v. Lepore,* 226 Conn. 773, 629 A. 2d 357 (1993).

[8]     Rule 7004(d) provides for nationwide service of process of a summons so that bankruptcy court need not establish minimum contacts with a defendant to meet the Due Process Clause requirements of the Fifth Amendment. *Diamond Mortgage Corp. v. Sugar,* 913 F. 2d 1233, 1244 (7th Cir. 1990), cert. denied, 498 U.S. 1089, 111 S. Ct. 968, 112 L. Ed. 2d 1054 (1991).

"process"); *see also Cahill v. McInnis*, 2007 WL 1174827 at *2 (S.D.N.Y. Apr. 18, 2007)

(New York's pre-judgment replevin statute cannot be used as authority for a federal court

to issue a writ extending to property outside New York).

II.    **The relief sought by Plaintiff against out of state defendants must be obtained by an injunction pursuant to Fed. R. Civ. P. 65**

As set forth in *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 221 F.R.D.

300, 301(D. Conn. 2003), an order restraining out of state assets prior to the entry of

judgment in the case must meet the stricter requirements of an injunction.  Judge Dorsey

expressly addressed the instant issue and specifically held,

> Authority provided in state prejudgment remedy schemes is
> narrowly circumscribed by the text of the statute. If the
> injunction sought is not included within the state
> prejudgment remedy scheme, it must be sought under Fed.
> R. Civ. P. 65 and granted as consistent with this Court's
> exercise of general equitable powers.

*Id.* at 303.

Likewise, Bankruptcy Judge Ralph Kirscher has addressed a Montana statute that,

like the Connecticut statute required only a showing of probable cause before issuance of

a pre-judgment attachment writ. In *In re Big Springs Realty, LLC*, 426 B.R. 860 (Bankr.

D. Mont.), reconsideration denied, 430 B.R. 629 (2010), Judge Kirscher concluded that

only injunction law, and not the pre-judgment attachment statute, can reach out-of-state

property.  *Big Springs Realty* notes that District Judge Miller had reached the same

conclusion under the Texas statute, in *GM Gold & Diamons, LP v. Fabrege Co., Inc.*, 489

F. Supp. 2d 725 (S.D. Tex. 2007), and reasoned that if the statute's drafters had intended

to make it extraterritorial that is something they would have stated in the statute. *See also*

*Aschkar*, 327 F.2d at 310 and *In re Feit & Drexler, 42 B.R. 355* (S.D.N.Y. 1984)

(declining to find that New York district court could issue a pre-judgment attachment of

out-of-state assets, but finding that a mandatory injunction requiring specific assets to be transferred to an escrow agent within the state was appropriate where the defendant had made numerous efforts to secrete assets, had shown disregard for court orders, and given false or incomplete sworn testimony).

The defendants do not dispute that a court with jurisdiction over the person of the defendant may nonetheless order the defendant to take affirmative action with regard to assets outside the state IF the requirements of obtaining an injunction are met. *See, e.g., Fleming v. Gray Mfg. Co.,* 352 F. Supp. 724 (D. Conn. 1973) (enjoining Connecticut defendants to return out-of-state stock to the custody of the court pending trial); *Columbia Nastry & Carta Carbone S/p/A v. Columbia Ribbon & Carbon Mfg. Co.,* 367 F. 2d 308 (2d Cir. 1966) (court upheld an injunction restraining the defendant's commission of certain acts in a foreign country); *Niagara Falls Int'l Bridge Co. v. Grand Turk Railway,* 241 N.Y. 85, 148 N.E. 797 (1925) (same); *In re Feit & Drexler,* 760 F. 2d at 414. However, such decisions involve *injunctions,* which are measured by a much higher standard than attachments under the Connecticut PJR Statute.

III.    **The facts do not warrant the relief sought and Plaintiff must meet its evidentiary burden.**

Plaintiff cannot meet the requirements to obtain an injunction. While the Trustee has postured its claims with all the confidence a Plaintiff can muster, the success on an avoidance claim to require subsequent transferee defendants to return payments of principal is a substantial hurdle and certainly not a given. The Trustee's creative legal theories promulgated to justify initial transferee liability and to attempt to side step the substantial defenses afforded to subsequent transferees do not meet the bar for probable cause, and certainly not the even higher bar of a likelihood of success on the merits.

The instant defendants oppose the Trustee's entitlement to relief under the PJR Statute and respectfully request that the Court hold an evidentiary hearing on the Trustee's *Request for Pre-Judgment Remedy.*

WHEREFORE, Defendants AUG LLC, AUG II LLC, AUG PARTNERS LLC, ROBERT STEIN, and ELAINE STEIN, respectfully request that the Court deny the *Motion for Pre-Judgment Remedy* and the *Motions for Pre-Judgment Disclosure of Property and Assets,* and for such further relief appropriate under the circumstances.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email on May 13, 2011 to Jeffery Helman, Esq., Ilan Markus, Esq., David Rosendorf, Esq, and Patrick Scott, Esq., as well as by CM-ECF notice of electronic filing.

BY:
_____
Robert W. Lynch, ct00412
Hugh F. Keefe ct 05106
Lynch, Traub, Keefe, & Errante, P.C.
52 Trumbull Street, P.O. Box 1612
New Haven, CT 06511
203-787-0275; 203-782-0278 fax
rwlynch@ltke.com

AND

RICE PUGATCH ROBINSON & SCHILLER, P.A.
101 N.E. Third Avenue, Suite 1800
Ft. Lauderdale, Florida 33301
Telephone No.: 954-462-8000
Facsimile No.: 954-462-4300
ARTHUR HALSEY RICE
Florida Bar No. 224723
CRAIG A. PUGATCH
Florida Bar No. 653381